UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFF BENN,

    Plaintiff,

v.                                       Cause No. 3:23-CV-757-PPS-JPK

JOHN GALIPEAU, *et al.*,

    Defendants.

## OPINION AND ORDER

Jeff Benn, a prisoner without a lawyer, filed a complaint [DE 1], but he did not use the court's Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form, as is required pursuant to N.D. Ind. L.R. 7-6. He was told he needed to use this form. [DE 3.] Benn amended his complaint, but he still did not use the court's form. [DE 7.] In the interests of efficiency, the amended complaint will be screened, but Benn must use this court's complaint form in the future.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Benn alleges a mountain of problems with the conditions at the Westville Correctional Facility ("WCF"). He says the building structure is unsafe and not up to code. He complaints about the electrical system, the number of available toilets, and plumbing leaks. He complains about roof leaks that go unrepaired for years. He complains about extreme temperatures and a failure to provide bedding and clothing that is appropriate for the temperature extremes. He complains about exposure to asbestos, second-hand smoke, black mold, and mildew. He says the drinking water is contaminated. He indicates that birds can and do enter the building. He alleges that there are also rats and mice.

Benn is suing seven separate defendants over these conditions: Governor Eric Holcomb, IDOC Commissioner Robert Carter, Warden John Galipeau, Lt. Bradford, Sgt. Dew, Sgt. Vaugh, and maintenance worker Adam Leidy. He does not mention any defendant by name in the body of his complaint. Instead, he refers to them collectively as defendants without explaining what each defendant did that violated his rights. Benn has already been instructed once that he must use each defendant's name every time he refers to that defendant. [DE 3 at 2.] This is because "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009).

Benn alleges the conditions he has described cause a hostile living environment among offenders, but he does not further explain this allegation. He alleges that he has undefined health issues and the conditions at WCF aggravates those conditions, but he

2

offers no details about his health issues and has not explained how each defendant is responsible for his alleged injuries.

Thus, I find that the amended complaint does not state a claim for which relief can be granted. If Benn believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint, because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

The clerk is **DIRECTED** to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Benn. **Benn must use this form.** He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He needs to write a short and plain statement explaining what happened to him in his own words. He should avoid needless repetition of his allegations. He needs to include dates, explain what each defendant did wrong, and use each defendant's name every time he refers to that defendant. He also needs to limit his complaint to related claims. "Unrelated claims against different defendants belong in different suits . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). He does not need to quote from cases or statutes, use legal terms, or make legal arguments. Once Benn has properly completed the amended complaint, he needs to send it to the court for filing, and I will screen it in due course.

For these reasons, the Court:

    (1) **GRANTS** Jeff Benn until <u>**November 27, 2023**</u>, to file an amended complaint; and

    (2) **CAUTIONS** Jeff Benn if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

    **SO ORDERED** on October 26, 2023.

                                        /s/ Philip P. Simon  
                                        PHILIP P. SIMON, JUDGE  
                                        UNITED STATES DISTRICT COURT