**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JEFF BENN,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:23-CV-00757-AZ |
| | ) | |
| JASON SMILEY,<br>Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Warden Jason Smiley's Motion to Dismiss as Moot Under Federal Rule of Civil Procedure 12(b)(1) [DE 96] filed on June 23, 2026. On January 3, 2025, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). DE 44. On July 30, 2026, Plaintiff Jeff Benn filed a response in opposition to the motion. DE 99.[1] The Court GRANTS Defendant's Motion to Dismiss as Moot Under Federal Rule of Civil Procedure 12(b)(1) [DE 96], for the reasons discussed.

**Background**

On August 14, 2023, Plaintiff Jeff Been filed a complaint against John Galipeau, Jack Hendrix, Patrick Krugar, Lt. Bradford, Sgt. Dew, Sgt. Vaughn, Eric Holcolm, Robert Carter, Adam Liedy, and Wexford medical, requesting a declaration that Defendants violated his constitutional rights and for injunctive relief concerning the conditions at Westville Correctional Facility. DE 1. On November 27, 2023, the complaint was amended to add more parties. DE 13. On May 30, 2024, the Warden

[1] Plaintiff's response was filed late, but in the interest of justice, and considering the relatively short delay in filing, the Court will consider his response.

of the Westville Correctional Facility was added to the case in his official capacity. DE 16. Plaintiff was granted leave to proceed against the Warden for permanent injunctive relief to remedy mouse, rat, and bug infestations, mold, and asbestos at Westville Correctional Facility. *Id.* All other claims and defendants were dismissed. *Id.* On May 6, 2026, approximately seven weeks before this motion was filed, Plaintiff was transferred from Westville Correctional Facility to Putnamville Correctional Facility. DE 96-2.

**Analysis**

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. A "live controversy" must exist at "all stages of review." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). A case becomes moot when "the controversy between the parties is no longer live." *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085 (7th Cir. 1992). "When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, becomes moot." *Lehn v. Homes*, 364 F.3d 862, 871 (7th Cir. 2004) (citation omitted).

Cases that are moot "must be dismissed for lack of jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). In determining whether a case is moot, a "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897

(7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

Defendant Warden Jason Smiley asks the Court to dismiss the remaining claim against him under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that, because Plaintiff is no longer housed at Westville Correctional Facility, his claim for injunctive relief regarding the conditions specific to that facility no longer presents a live controversy and is moot, requiring dismissal of the case. DE 95 at ¶ 1.

In response, Plaintiff concedes that he is no longer an inmate at Westville but argues that Defendant's Motion to Dismiss should be denied based on the doctrine of "capable of repetition, yet evading review" because there is a "reasonable expectation that he will be sent back to Westville Correctional Facility." DE 99 at ¶ 1. This doctrine applies when two elements are satisfied: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). In the context of prisoner transfers, however, this exception does not apply where there is "no indication that [Plaintiff] will be returned to the [prior facility]." *Westmoreland v. Hughes*, 144 F.4th 952, 955 (7th Cir. 2025). Here, Plaintiff has provided no evidence

that he will be returned to Westville Correctional Facility. Although he cites a "reasonable expectation" of transfer, DE 99 at ¶ 1, "[a]llegations of a likely retransfer may not be based on mere speculation." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted). Here, because Plaintiff's concerns are purely speculative, this doctrine cannot save his claim.

Plaintiff further argues that the voluntary cessation doctrine applies and "the Court should refuse to allow Defendant to manipulate the judicial process by transferring an inmate for the purpose of mooting a claim." DE 99 at ¶ 3. He cites *EEOC v. Flambeau, Inc.*, which states that "voluntary cessation of allegedly illegal conduct does not . . . make the case moot." 846 F.3d 941, 949 (7th Cir. 2017). However, that opinion further elaborates that "[t]hat general rule does not apply when both: (1) there is no reasonable expectation that the alleged violation will reoccur; and (2) interim events have 'irrevocably eradicated' the alleged violation's effects." *Id.* As explained, there is no reasonable expectation that the alleged violations at Westville Correctional Facility will reoccur against Plaintiff because he has provided no evidence that he will be transferred back to the facility. His transfer also eradicated the effects of the alleged violations because he is no longer housed in the space where he claims he suffered harm, and he does not allege he is suffering those same harms at Putnamville Correctional Facility. *See Lehn*, 364 F.3d at 871-72 (concluding that transfer does not make a case moot where Plaintiff alleged an injury that was traceable to a system-wide practice of the Illinois Department of Corrections). Therefore, this doctrine does not save this claim either.

Because the record shows that Benn has been transferred to a different institution and is no longer housed at Westville Correctional Facility, there is no longer a live case or controversy because there is no longer a basis for relief. *See Lehn,* 364 F.3d at 871 ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Rowe v. Bell*, No. 3:08-CV-92 TS, 2009 WL 1766803, at *9 (N.D. Ind. June 19, 2009) ("[Plaintiff's] transfer rendered moot his claims for injunctive relief"); *Higgason*, 83 F.3d at 811 (finding the same). Therefore, Benn's claim for injunctive relief against Warden Smiley is moot and this court lacks subject matter jurisdiction over the case.

**Conclusion**

For the reasons discussed, Defendant's Motion to Dismiss as Moot Under Federal Rule of Civil Procedure 12(b)(1) [DE 96] is GRANTED. The Court DIRECTS the Clerk of Court to enter judgment and to close this case.

So ORDERED this 15th day of September 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT